JOSHUA S. GOODMAN, ESQ. (SBN 116576)
DAN KIM, ESQ. (SBN 212577)
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.
(*erroneously sued herein as* HOME DEPOT)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HARVEY & CHRISTIAN HARVEY (a minor) by and through his Guardian ad Litem, Gregory Harvey,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT, et al. and DOES 1 to 50,<br><br>Defendants. | Case No. ED CV 09-00741-JRG(AGRx)<br><br>**PROTECTIVE ORDER** |

Pursuant to the stipulation of all parties herein, the Court hereby enters the following protective order:

1. **DEFINITIONS**

    **1.1 Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    **1.2 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    **1.3 "Confidential" Information or Items:** information (regardless of how

-1-

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) or as elaborated herein. "Highly Confidential – Attorneys' Eyes Only" Material: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**1.4 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**1.5 Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

**1.6 Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

**1.7 "Confidential Material":** any Disclosure or Discovery Material that is designated or understood to be "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."  Defendants may produce documents which they consider proprietary and confidential. Such documents may include, but are not limited to, business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), surveillance videos, store maps, manuals, written policies and procedures, training materials, claims information, lead details, emails, correspondence, contracts with third parties, criminal background check reports, drug test results, witness statements, and/or inspection or accident reports. **This Stipulated Protective Order is intended to cover, and apply to, not only any and all documents produced by Defendants in this litigation that are designated "Confidential,"** and any information contained in those documents, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Any

Jenkins Goodman
Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

protective measures relating to the use of Confidential Material in court proceedings must be taken up with the judicial officer conducting the particular proceeding.

**1.8 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**1.9 Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. **DURATION.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

3. **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND.**

Prior to receiving any Confidential Material, any experts, consultants or Professional Vendors retained by Plaintiff's counsel shall be provided with a copy of this Order and shall execute an Acknowledgement And Agreement To Be Bound non-disclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for Defendants at the same time and along with any disclosure of expert witness information.

4. **SCOPE OF ORDER.**

Confidential Material may be used only in connection with the prosecution and defense of this action, and not for any other purpose. Confidential Material produced pursuant to this Order may not be disclosed or made available to any person or entity other than Plaintiff, his

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-
PROTECTIVE ORDER
ED CV 09-00741-SGL(AGRx)

counsel (including the paralegal, clerical and secretarial staff employed by such counsel and working on this case), and Experts or consultants retained by that counsel or Professional Vendors, subject to the other requirements of this Stipulated Protective Order. Use of Confidential Material is permitted at depositions of parties or their experts or in motions filed with the court, subject to the requirements of paragraph 5, 7, 8, and 9.

### 5. EFFORTS TO PREVENT DISCLOSURE.

In making use of any Confidential Material, counsel for Plaintiff is required by this protective order to make reasonable and good faith efforts to prevent the disclosure of any Confidential Material to any person or entity not specified in section 1 and 4, above. These efforts shall include taking steps to ensure that Confidential Material used during a deposition, in connection with a motion, or at trial is used under seal or in some other manner which prevents its disclosure to any person or entity not specified in section 1 and 4, above. The parties agree to meet and confer in a good faith effort to address any issues related to the use of Confidential Material at depositions, in court filings, or otherwise.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Before filing any Confidential Material with the Court, Plaintiff agrees to give Defendants sufficient advance notice of his intention to do so to permit Defendants to make a motion for an order that such documents be filed under seal.

**6.1 Timing of Challenges.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3 Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **MAINTAINING CONFIDENTIALITY.**

In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.8.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

If any Confidential Material is introduced during a deposition, such Confidential Material must be bound separately from the deposition transcript.  Furthermore, Plaintiff must demand of the court reporter that he or she return any and all copies of said Confidential Material after the completion of the deposition transcript(s) and related volume(s) of exhibits.

### 10. FINAL DISPOSITION - RETURN OF DOCUMENTS.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Confidential Material to the Producing Party. As used in this subdivision, "all Confidential Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Material. With permission in writing from the Designating

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

1  Party, the Receiving Party may destroy some or all of the Confidential Material instead of
2  returning it. Whether the Confidential Material is returned or destroyed, the Receiving Party
3  must submit a written certification to the Producing Party (and, if not the same person or
4  entity, to the Designating Party) by the sixty day
5  deadline that identifies (by category, where appropriate) all the Confidential Material that was
6  returned or destroyed and that affirms that the Receiving Party has not retained any copies,
7  abstracts, compilations, summaries or other forms of reproducing or capturing any of the
8  Confidential Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order.

**11.    CONTEMPT OF COURT AND REMEDIES.**

Any disclosure of Confidential Material, other than is permitted by this protective order, may be a contempt of court. No parties are waiving any other rights or remedies under the law for violations of this protective order.

**12.    WAIVER.**

Defendants shall not be deemed to have waived any terms of this protective order, including this paragraph, except by express written waiver of counsel.

//

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

13. **MODIFICATION.**

This stipulation is reached without prejudice to later modification by agreement of the parties, or by order of the court upon a showing of good cause.

IT IS SO ORDERED.

Dated: _January 20, 2010_

_____
HON. JOSEPH R. GOODWIN
United States District Court Judge

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

PROTECTIVE ORDER
ED CV 09-00741-SGL(AGRx)